[Crim. No. 41520. Second Dist., Div. Four. June 2, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
JORGE VARONA et al., Defendants and Appellants.

COUNSEL

Paul Arthur Turner and Quin Denvir, State Public Defender, under appointments by the Court of Appeal, and Jay Ruskin, Deputy State Public Defender, for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, John R. Gorey, Howard J. Schwab and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KINGSLEY, Acting P. J.**—Defendants were charged jointly with: (count I) kidnaping, in violation of section 207 of the Penal Code; (count II) rape, in violation of subdivisions (2) and (3) of section 261 of the Penal Code. Defendant Jorge Varona was also charged with: (count III) sodomy, in violation of subdivision (c) of section 286 of the Penal Code; and (count IV) oral copulation, in violation of subdivision (c) of section 288a of the Penal Code. The case was tried to a jury. At the close of the case, the trial court, on motion of the People, dismissed count III. On count I, both defendants were found guilty of false imprisonment, in violation of section 236 of the Penal Code, a necessarily included offense; both were found guilty on count II. Jorge was found guilty on count IV. They were sentenced accordingly.[1] They have appealed; we reverse.

The prosecutrix testified that, on the evening in question, she had been visiting a friend, who, at 11:30 p.m., drove her to within two blocks of a bus stop where she planned to take a bus home. While walking to the bus stop, she was attacked by defendants, who took her to a nearby house where the alleged rape and oral copulation occurred. The defense was that the woman had solicited them to engage in acts of prostitution, had gone voluntarily to the house and voluntarily engaged in the alleged conduct, but had become enraged when she discovered the defendants had no money.

Defendants attempted to introduce evidence that the woman had, earlier, pled guilty to prostitution and was on probation at the time of trial. The evidence was excluded.[2] In his argument to the jury, the prosecutor argued there was no evidence that the woman was a prostitute.

---

[1]No attack is here made on the sentence as such, so we do not elaborate on that point.

[2]The defense also offered to prove an arrest for prostitution a few days before the woman testified. We do not here pass on the propriety of excluding that bit of evidence.

Defendants here contend both that it was error to deny the offer of proof of the woman's being on probation for prostitution and that it was misconduct for the prosecutor to argue that there was no proof that the woman was a prostitute when he had, by his objections, prevented the defense from proving that fact.

## I

On the admissibility issue, defendants first argue that, under settled law, it is proper to show that a witness is on probation, as that status affects the credibility of the witness, citing *Davis* v. *Alaska* (1974) 415 U.S. 308, 316 [39 L.Ed.2d 347, 353-354, 94 S.Ct. 1105] and *People* v. *Espinoza* (1977) 73 Cal.App.3d 287 [140 Cal.Rptr. 846]. Were the case at bench to rest solely on that contention, we would not reverse. In this case, an attack on the woman's credibility would necessarily be an attack on her claim of nonconsent and evidence of prior conduct to show consent is expressly barred by section 1103 of the Evidence Code.

## II

However, under section 782 of the Evidence Code, a trial court may permit evidence of prior sexuality in a particular case. Defendants' second argument is that the proffered evidence should have been admitted under that section. We agree.

(1) The People here argue that section 782 sets forth an elaborate procedure, including a written motion and a supporting affidavit and that that procedure was not followed here. We reject that argument. When the defense orally moved to admit the evidence, the prosecutor expressly waived the requirement of a written motion and affidavit saying: "MR. KAUFFMAN: Your Honor, under the circumstances, I have no objection to the court ruling on the merits because Mr. Mandel is correct that he could very easily submit the required affidavit." The People here argue that, although that statement was a waiver of the procedural requirement, the People had no authority to so waive. That argument is patently frivolous. The prosecution and the trial judge knew what evidence was being offered; the official records of the prior conviction and probation status were being offered to the court. The trial court acquiesced in the waiver and proceeded, after much argument and deliberation, to deny the motion on its merits.

(2) We conclude that, in this case, on the particular facts here involved, it was an abuse of discretion to deny the Evidence Code section 782 motion. We do not, here, hold that in every rape case where the prosecutrix is a prostitute, evidence of that fact must be admitted to show consent. The official records offered here show, not only that the woman was a prostitute, but: (1) that, in

pursuit of her profession, she walked the night streets, in this very area, to solicit customers; and (2) that, in the practice of that profession, she not only engaged in normal intercourse, but that she specialized in oral copulation. The first fact is here of special significance in that it casts light on the woman's story that she was walking to the bus stop because the "friend" who had driven her from the friend's home had callously refused to drive two blocks further, to the bus stop because the friend had, at 11:30 p.m., an urgent appointment at home. The second fact is also very significant in that it tends to support the defense claim that the oral copulation, on which count IV was based, was voluntarily engaged in by the woman. These special factors, we conclude, made it an abuse of discretion to deny the disclosure motion.

### III

The second defense contention is also well taken. We agree that, in a proper case, a prosecutor may argue to a jury that a defendant has not brought forth evidence to corroborate an essential part of his defensive story. But we know of no case where such argument is permissible except where a defendant might reasonably be expected to produce such corroboration. Here the prosecutor not only argued the "lack" of evidence where the defense was ready and willing to produce it, but he compounded that tactic by actually arguing that the woman was not a prostitute although he had seen the official records and knew that he was arguing a falsehood. The whole argument went beyond the bounds of any acceptable conduct.

The judgments are reversed.

Amerian, J., and Willett, J.,* concurred.

A petition for a rehearing was denied June 21, 1983, and respondent's petition for a hearing by the Supreme Court was denied August 11, 1983.

---

*Assigned by the Chairperson of the Judicial Council.