Filed 3/26/25  P. v. Ruble CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>DONNIE DALE RUBLE,<br><br>    Defendant and Appellant. | A168269<br><br><br>(Solano County<br>Super. Ct. No. FCR366799) |

Defendant appeals from the judgment following his conviction by a jury of one count of hit-and-run driving resulting in injury to another person (Veh. Code, § 20001, subd. (b)(1)) and the trial court's true findings on defendant's two prior felony convictions and multiple aggravating factors.  He contends the prosecutor committed error during closing arguments by misstating the law, which shifted the burden of proof; commenting on the lack of evidence supporting the defense theory; and misleading the jury regarding relevant facts.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was charged with felony hit-and-run driving resulting in injury (Veh. Code, § 20001, subd. (b)(1); count 1); misdemeanor mail theft (Pen. Code, § 530.5, subd. (e); count 2); and misdemeanor false report of a criminal offense (Pen. Code, § 148.5, subd. (a); count 3).  On the first day of

1

trial, the trial court granted the People's motion to dismiss counts 2 and 3 and the matter proceeded to trial on the felony hit and run, count 1.

## I.    *Trial Testimony*

Around 7:30 a.m. on December 19, 2022, the victim, who was driving her car, was struck by a black car that was exiting the parking lot of an apartment complex on Fairfield Avenue in Fairfield. The airbag in the victim's car deployed, and she had pain in her right wrist. The victim saw that the rear license plate of the black car was partially covered with paper. Also, she was able to see the side of the driver's face and described him as a Hispanic male with a large head and long face. The driver sped off. The victim's right wrist was broken and required surgery. Her car was also damaged. The victim was unable to positively identify the defendant in a photo lineup.

Another woman was driving onto Fairfield Avenue around 7:35 a.m. She was nearly hit by a black, four-door sedan with a smashed front bumper hanging down. After avoiding the collision, the second woman saw the victim and her damaged car. The witness stopped to help the victim.

Police responded to the scene of the accident. About 30 minutes after the collision, the police located the suspect vehicle, a black, four-door sedan. The sedan was parked in a residential area about two-thirds of a mile from the location of the collision. It was unoccupied and had front-end bumper damage on the driver's side. A piece of mail obstructed the rear license plate. The driver's seat was pushed all the way back and the seat leaned back. The police retrieved a wallet from the floorboard of the driver's seat. The wallet contained defendant's California identification card (ID) and vehicle title. Defendant's ID listed his height as six feet nine inches. The police also found a shopping bag in the car that was filled with mail addressed to various

2

people at the apartment complex on Fairfield Avenue where the accident occurred. While investigating the accident at the apartment complex on Fairfield Avenue, the police also received a report of a mail theft at the apartment complex, allegedly involving a male and a female. Defendant was located at a nearby convenience store.[1] He was wearing a gray sweatshirt and blue jeans.

Police officers obtained surveillance video from several cameras near the collision site and the location where the sedan was found. The videos showed a man walking away from the location of the abandoned sedan. The man in the videos was very tall, his head as high as one of the street signs. A police officer measured the street sign, which was approximately six feet seven inches. The man in the videos was wearing a gray hooded sweatshirt and black pants.

Defendant did not testify or call any witnesses.

## II. *Closing Arguments*

Defendant asserts that the prosecutor committed misconduct during rebuttal closing argument. Thus, we summarize in some detail the parties' closing arguments.

---

[1] The record states the convenience store was on Tabor Avenue and does not state the precise time at which the defendant was located. The record refers to exhibit 14, which was described as a map prepared by one of the police officers noting the relevant locations, but the exhibit is not part of the record. However, based on the appellate briefing, it appears undisputed that defendant was arrested at a nearby location shortly after the vehicle was located. Defendant's opening brief states defendant was detained at a convenience store "in the neighborhood a short time after the collision." The respondent's brief also states defendant was apprehended "in the vicinity of the abandoned vehicle" around the time the police located defendant's abandoned vehicle.

The prosecutor began by acknowledging the People's burden to prove the case beyond a reasonable doubt, "the highest burden in any court system in the United States of America." She acknowledged that the case was "a highly circumstantial case" and then discussed the circumstantial evidence. The prosecutor argued that the victim's description of the defendant as having a large head is consistent with the defendant's being a large man. She then referred to exhibit 14, which was a map of the area, prepared by Officer Mack, indicating where the vehicle was located and the approximate locations of the surveillance videos. She argued that witnesses described the suspect vehicle and indicated the path of travel immediately following the accident. Surveillance videos also showed a portion of the travel path of the suspect vehicle. In addition, surveillance video showed defendant, "a significantly tall male," walking on Brighton Avenue, the street where his abandoned vehicle was located, and wearing the same clothing as when he was arrested. Additional evidence included the defendant's ID found in his vehicle and that the driver's seat was positioned to accommodate a very tall driver. The prosecutor argued that all of the circumstantial evidence taken together pointed to the defendant as the driver of the vehicle at the time of the collision. She then reiterated that it was the People's burden to prove each element of felony hit and run beyond a reasonable doubt, and she explained the various elements.

Defense counsel reminded the jury of the presumption of innocence and that it must be overcome with evidence. She argued that the People's case was about "an assumption of guilt." She acknowledged that defendant's car was involved in the accident that injured the victim but argued there was insufficient evidence to prove beyond a reasonable doubt that defendant was the driver. Defense counsel noted the bag of mail from the apartment

4

complex found in defendant's car and that the report of mail theft received by the police referred to a male and a female suspect. She then argued there was no evidence of any injuries to defendant at the time he was arrested. Defense counsel argued "assumptions are not evidence" and referenced CALCRIM No. 224[2] regarding circumstantial evidence. She explained that if the circumstantial evidence supports two reasonable interpretations, with one pointing to innocence, then the jury must vote not guilty. She acknowledged that the jury "must accept only reasonable conclusions and reject any that are unreasonable." Counsel then argued that the police officers improperly assumed that owning the car meant that defendant was the driver; however, "There's also a reasonable explanation that if [defendant's] car was stolen, someone else used it, drove it to . . . Fairfield Avenue, stole mail. The male and female suspect . . . took off, hit [the victim], and dumped it. They don't care about [defendant's] ID . . . , it was left there. That's also a reasonable explanation as to why his ID was left there." She later stated, "Again, it is a reasonable interpretation. It is not out of this realm that [defendant's] ID in his own car can also mean someone stole and used his car while his wallet was in there . . . ." Defense counsel noted that

---

[2] The jury was given CALCRIM No. 224, which states: "Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt. [¶] Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable."

5

defendant was arrested by himself and that there was no testimony he was found with a woman after supposedly fleeing following the accident and mail theft. This, defense counsel suggested, "doesn't fit the Government's own timeline" and, "[a]gain, it is a reasonable interpretation. It is not out of this realm that [defendant's] ID in his own car can also mean someone stole and used his car while his wallet was in there and they didn't care." She concluded by highlighting the beyond a reasonable doubt burden of proof and explaining that the jury must vote not guilty even if it believes defendant possibly, probably, or likely drove.

The prosecutor began her rebuttal argument by stating, "[T]here's a huge difference between an assumption and a presumption. An assumption is jumping to conclusions without specific articulable facts to support the conclusion drawn, right? A presumption or your reliance on logic and reason. And the application of that logic and reason to circumstantial evidence is completely different than merely drawing an assumption." She argued that the police officers did not make assumptions but, rather, investigated the case even after they found the defendant nearby his abandoned vehicle. She then argued that all of the circumstantial evidence, taken together, led to the reasonable conclusion of defendant's guilt.

The prosecutor explicitly agreed with defense counsel's statement that if there are two reasonable conclusions to be drawn from the circumstantial evidence and only one points to guilt the jury must find defendant not guilty. However, she argued that defense counsel did not "explain to us any reasonable conclusion that can be drawn from the totality of this evidence. . . . [¶] Regarding the vehicle, the possibility of the vehicle being stolen, there's absolutely no evidence of that. You can completely disregard that conclusion here because it is not a reasonable conclusion based on any of

6

the evidence provided because no evidence of that has been provided." She then turned to the point about defendant's being arrested alone and stated: "So if we want to talk about assumptions, that absolutely is an assumption that is not based in fact that you can disregard regarding why the defendant was contacted by himself. If a mail theft call came in for a male and female, it has absolutely nothing to do with the defendant's involvement in it, the driver here. We have no idea where that information came from. We didn't hear from any witnesses to talk about any mail theft in this case. [¶] We heard that Officer Taylor received a call for mail theft from 2323 Fairfield Avenue at the time he was investigating this collision. Nothing else. There's no evidence to support the defendant was ever involved with another person, a woman or a man, or anything along those lines, nor would there have been any reason for the officers to be searching for surveillance of the defendant and someone else. [¶] They're not looking for someone else. They're looking for the driver of the vehicle."

The prosecutor further argued that while there was no evidence as to whether the defendant sustained any injuries, the jury could consider the photos of defendant's car, which showed that his airbags did not deploy. Also, the jury could consider defendant's size as being a factor that could explain why he might not have been injured in the collision. She concluded, "[T]he argument that the defendant was not injured, therefore he was not the driver is not a conclusive argument. It is not based in fact and it is a downright assumption. [¶] . . . I am asking you to disregard assumptions. Please only regard the facts. The presumptions, right? Use the facts in this case to draw logical and reasonable conclusions. Find the defendant guilty in Count 1."

## DISCUSSION

Defendant's arguments are based on the prosecutor's statements in rebuttal closing argument discrediting defense counsel's theory that defendant's car was stolen and that the mail theft report supported defendant's innocence because it implicated a male and a female suspect. Defendant complains that the prosecutor improperly argued that these defense theories were " 'assumptions' " unsupported by evidence. He contends the prosecutor's arguments (1) misstated the law, improperly lowered the People's burden of proof, and shifted the burden of production to the defendant; (2) improperly commented on the defendant's failure to testify in violation of *Griffin v. California* (1965) 380 U.S. 609 [14 L.Ed.2d 106] (*Griffin*); and (3) misled the jury regarding relevant facts.

## I.    *Forfeiture*

The People assert that defendant forfeited his prosecutorial misconduct claim by failing to object or request an admonition. Defendant asks that we exercise our discretion to review his claim despite his forfeiture because the alleged errors implicate defendant's substantial rights and to forestall a claim of ineffective assistance of counsel.

We agree with the People that defendant forfeited his claim of prosecutorial misconduct by failing to make a timely objection and request an admonition. (*People v. Brown* (2003) 31 Cal.4th 518, 553 ["To preserve a claim of prosecutorial misconduct for appeal, a criminal defendant must make a timely objection, make known the basis of the objection, and ask the trial court to admonish the jury"].) However, we address his claims in the context of his ineffective assistance of counsel argument.

8

**II.** *Trial counsel was not ineffective for failing to object to the prosecutor's closing argument.*

Defendant argues in the alternative that defense counsel was ineffective for failing to object. He acknowledges that ineffective assistance of counsel claims are typically raised in habeas corpus petitions to allow for extra-judicial record evidence of trial counsel's explanation for his or her acts or omissions. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.) However, defendant asserts his claim may be addressed on direct appeal because there is no satisfactory explanation for defense counsel's failure to object to the prosecutor's rebuttal arguments. To analyze defendant's claim of ineffective assistance of counsel, we begin with a summary of the relevant legal principles regarding prosecutorial misconduct.

### A.    Legal Principles

"[A] prosecutor's 'misbehavior "violates the federal Constitution when it comprises a pattern of conduct 'so egregious that it infects the trial with such unfairness as to make the conviction a denial of due process.' " ' [Citations.] 'Conduct by a prosecutor that does not reach that level nevertheless constitutes misconduct under state law, but only if it involves the use of deceptive or reprehensible methods to persuade the court or jury.' [Citation.] When, as here, misconduct is asserted 'based on the prosecutor's comments before the jury, " 'the question is whether there is a reasonable likelihood that the jury construed or applied any of the complained-of remarks in an objectionable fashion.' " ' [Citation.]" (*People v. Nadey* (2024) 16 Cal.5th 102, 184.) We review the prosecutor's alleged erroneous remarks in the context of the argument as a whole, and " 'we "do not lightly infer" that the jury drew the most damaging rather than the least damaging meaning from the prosecutor's statements.' " (*People v. Centeno* (2014) 60 Cal.4th 659, 667 (*Centeno*).)

9

Prosecutors have "wide latitude in describing the deficiencies in opposing counsel's tactics and factual account," and they may "criticize[] the defense theory of the case because it lacks evidentiary support [citation]." (*People v. Bemore* (2000) 22 Cal.4th 809, 846.)

To prove ineffective assistance of counsel, defendant must show that his counsel's representation fell below an objective standard of reasonable competence and that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different. (*People v. Anderson* (2001) 25 Cal.4th 543, 569.) "When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation." (*Ibid.*)

## B. Analysis

Defendant argues there is no satisfactory explanation for his trial counsel's failure to object. *Centeno* explains, " 'Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." ' [Citations.] When the record on appeal sheds no light on why counsel failed to act in the manner challenged, defendant must show that there was ' " 'no conceivable tactical purpose' " for counsel's act or omission. [Citations.]' [Citation.] '[T]he decision facing counsel in the midst of trial over whether to object to comments made by the prosecutor in closing argument is a highly tactical one . . . .' [Citations.], and [*sic*] 'a mere failure to object to . . . argument seldom establishes counsel's incompetence' [citation]." (*Centeno, supra*, 60 Cal.4th at pp. 674–675.) As we explain, the record before us does

10

not establish prosecutorial misconduct and, thus, defense counsel's failure to object was not deficient performance and did not result in prejudice.

   1. <u>The prosecutor's argument did not misstate the law or shift the burden of proof.</u>

  Defendant contends that the prosecutor's rebuttal closing argument provided the jury with an inaccurate and incoherent definition of " 'presumption' " when she contrasted an " 'assumption,' " which she defined as " 'jumping to conclusions without specific articulable facts to support the conclusion drawn,' " with a " 'presumption,' " which involves " 'the application of that logic and reason to circumstantial evidence.' "  He claims the prosecutor's use of the word "presume" implicitly lowered the burden of proof and created a risk that the jury would misapply the beyond a reasonable doubt burden of proof.

  We consider the prosecutor's rebuttal argument in the context of the issues raised by defense counsel in her closing argument.  The prosecutor's argument attacked the defense claim that the People's case was based on the "big assumption that [defendant] was the driver . . . ."  The prosecutor rebutted the defense theory by first describing assumptions as "jumping to conclusions" without specific articulable supporting facts.  She then stated, "A presumption or your reliance on logic and reason.  And the application of that logic and reason to circumstantial evidence is completely different than merely drawing an assumption."  She then continued by reiterating the circumstantial evidence supporting guilt, and with reference to the correct statement of law regarding circumstantial evidence she argued the totality of the circumstantial evidence supported a guilty verdict.

  When read in context, we find that the prosecutor did not improperly define the term "presumption."  Although her use of the term was inartful, her argument properly focused on the jury's role in considering the totality of

11

the circumstantial evidence and urged that the only reasonable conclusion to be drawn from the evidence was that defendant was the driver. Her argument was consistent with CALCRIM No. 224, which explains that the jury may rely upon circumstantial evidence to find defendant guilty if it is "convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty." (CALCRIM No. 224.) We find no error in the prosecutor's statement that the jury should apply logic and reason to the circumstantial evidence. (*Centeno, supra*, 60 Cal.4th at p. 672 ["It is permissible to argue that the jury may reject impossible or unreasonable interpretations of the evidence and to so characterize a defense theory"].)

We also disagree that the prosecutor's use of "presume" implicitly lowered the burden of proof. The prosecutor began her initial closing argument by explicitly acknowledging that the People's burden was to prove the case beyond a reasonable doubt, "the highest burden in any court system in the United States of America." We do not read her responsive rebuttal argument, which focused on how the jury should consider the circumstantial evidence, as implicitly diluting the beyond a reasonable doubt burden of proof. (See *People v. Wilson* (2023) 89 Cal.App.5th 1006, 1013–1014 [finding no prosecutorial error based on use of word "presume" in reference to uncharged sex offenses during closing argument].) Not only the prosecutor but also defense counsel highlighted the beyond a reasonable doubt burden of proof in their initial closing arguments. Moreover, the jury was properly instructed on the presumption of innocence and the burden of proof (CALCRIM Nos. 103, 220); circumstantial evidence (CALCRIM No. 224); that nothing the attorneys say is evidence (CALCRIM No. 104); and that the trial court instructs on the law and the jury must follow the court's instructions

12

rather than an attorney's conflicting comment on the law (CALCRIM No. 200). Under these circumstances, we do not believe a reasonable juror would have been misled as to the prosecution's burden of proof. (*People v. Valdez* (2011) 201 Cal.App.4th 1429, 1437 [we presume the jury followed the trial court's instructions].)

Defendant also argues the prosecutor's alleged misstatement of the law shifted the burden of production and proof to the defense. He argues that the prosecutor committed misconduct by stating that the jury should disregard the defense argument that the defendant's car was stolen because there was no evidence of a stolen car. He further claims misconduct based on the prosecutor's reference to a lack of evidence to support the defendant's involvement in a mail theft with others. According to defendant, these comments amount to an improper statement that defendant has the burden to produce evidence and prove his innocence. We reject this claim. The prosecutor's comments on the lack of evidence supporting the defense theories were in the context of the jury's consideration of the totality of the circumstantial evidence and the reasonable, versus unreasonable, conclusions to be drawn from that evidence. (*People v. Bemore, supra*, 22 Cal.4th at p. 846 [prosecutor may "criticize[] the defense theory of the case because it lacks evidentiary support"].)

We disagree with defendant's contention that the prosecutor's comments were similar to the misconduct in *People v. Hill* (1998) 17 Cal.4th 800 (*Hill*). In *Hill*, the prosecutor told the jury—in the context of discussing the reasonable doubt standard—that in order to acquit there had to be " 'some evidence on which to base a doubt.' " (*Id.* at p. 831, italics omitted.) The defendant argued that the prosecutor committed misconduct by misstating the law. (*Ibid.*) The California Supreme Court described the

13

issue as "close" but concluded the statement was misconduct because it could have caused the jury to believe the defendant had the burden of producing evidence to demonstrate a reasonable doubt of his guilt.[3] (*Id.* at pp. 831–832.) Here, the prosecutor's comments were not in reference to the reasonable doubt standard, which she openly acknowledged as the People's burden. The complained-of comments were in reference to the reasonable inferences that may be drawn from the circumstantial evidence and were consistent with CALCRIM No. 224. The prosecutor was permitted to urge the jury to reject unreasonable conclusions in considering circumstantial evidence (*Centeno, supra*, 60 Cal.4th at p. 672), and her argument was a fair comment on the lack of evidence from which the jurors could reasonably conclude that defendant's car was stolen or that the mail theft incident involved multiple people. (See *People v. Boyette* (2002) 29 Cal.4th 381, 434 [prosecutor's statement that there was no "corroboration" of defendant's theory of the case was not improper as "the prosecutor's argument was that defendant's version of events was *less believable* because there was no corroboration from other sources, not that . . . [defendant] had failed to meet a burden of proof"].) We find no reasonable likelihood that the prosecutor's remarks misled the jury as to the People's burden to prove its case beyond a reasonable doubt.

2.    The prosecutor did not commit *Griffin* error.

Defendant contends that the prosecutor's comments regarding the lack of evidence that defendant's car was stolen was error under *Griffin, supra*, 380 U.S. 609, which held that the prosecution may not comment upon a

---

[3] The convictions in *Hill* were reversed based not simply on the prosecutor's discussion of reasonable doubt but also because of cumulative prejudice due to multiple instances of prosecutorial misconduct and other errors that resulted in a fundamentally unfair trial. (*Id.* at pp. 845–847.)

14

defendant's failure to testify. (*Id.* at p. 615; *People v. Bradford* (1997) 15 Cal.4th 1229, 1339.) The defendant concedes that *Griffin* error does not include a prosecutor's comments on the state of the evidence generally or the failure of the defense to introduce material evidence or call anticipated witnesses. (*Bradford, supra*, at p. 1339.) However, he contends *Griffin* error occurred because the prosecutor's comment related to the lack of evidence of a stolen car that could only be provided through defendant's testimony. (*Bradford, supra*, at p. 1339 [noting that "prosecutor may commit *Griffin* error if he or she argues to the jury that certain testimony or evidence is uncontradicted, if such contradiction or denial could be provided *only* by the defendant, who therefore would be required to take the witness stand"].)

We find that the prosecutor's comments do not violate *Griffin*. The prosecutor never commented on the defendant's failure to take the stand. Rather, she focused on the totality of the circumstantial evidence supporting a finding that defendant was driving his car at the time of the collision and stated that there was no evidence to support defense counsel's suggestion that the car was stolen. This was a fair argument on the state of the evidence and not an improper comment on defendant's failure to testify. (See *Bradford, supra*, 15 Cal.4th at p. 1340 [finding no *Griffin* error when prosecutor commented on the lack of contradicting evidence but did not "allude to the lack of refutation or denial by the sole remaining witness, defendant"].)

### 3. The prosecutor did not mislead the jury regarding relevant facts.

Defendant contends it was misconduct for the prosecutor to argue that the alleged mail theft had nothing to do with defendant's involvement in the hit and run. He claims the prosecutor argued facts she knew were false. (*People v. Zaheer* (2020) 54 Cal.App.5th 326, 337–338.)

15

Defense counsel's closing argument suggested that the fact that defendant was arrested alone, rather than as part of a male-and-female team who were involved in a mail theft from the building at the scene of the collision, was exculpatory. The prosecutor's rebuttal argument, when read in context, was a permissible response to the defense argument and consistent with the evidence. On cross-examination, Officer Taylor testified that while he was investigating the hit and run he received a call about a mail theft allegedly involving a male and a female suspect. On redirect, he explained that he did not send "a BOLO [be on the lookout]" for the male and female suspects because he was primarily investigating the hit and run involving the driver of the vehicle.

In rebuttal closing, the prosecutor argued that the evidence of the mail theft was limited to Officer Taylor's testimony that he received a call about the theft at the time he was investigating the collision. She also stated, "If a mail theft call came in for a male and a female, it has absolutely nothing to do with the defendant's involvement in it, the driver here." She then concluded that the officers were "not looking for someone else. They're looking for the driver of the vehicle." We do not find the argument misstates any facts. Rather, it aligned with Officer Taylor's limited testimony about the mail theft call and his focus on locating the driver of the vehicle involved in the hit and run.[4]

---

[4] Defendant's opening brief argues that the prosecutor committed misconduct because the prosecutor misled the jury regarding the relevance of the alleged mail theft evidence. Defendant's opening brief does not argue the prosecutor similarly misled the jury regarding the lack of evidence that defendant's vehicle was stolen. However, defendant's reply brief cites *People v. Castain* (1981) 122 Cal.App.3d 138, 146 (*Castain*), and *People v. Varona* (1983) 143 Cal.App.3d 566, 570 (*Varona*), for the position that it is misconduct for a prosecutor to argue there is a lack of evidence after the

Defendant has failed to establish that his counsel's representation was deficient for failure to object to the complained-of statements during the prosecutor's rebuttal closing argument. We conclude there was no misconduct and, therefore, defense counsel's failure to object was a rational, tactical decision. (*People v. Adanandus* (2007) 157 Cal.App.4th 496, 515.)

## DISPOSITION

The judgment is affirmed.

---

prosecutor has successfully excluded such evidence, and he contends this occurred here based on the prosecutor's successful objections to testimony from police officers that defendant reported his car stolen. The trial court sustained the prosecutor's objection when Officer Taylor was asked on cross-examination whether defendant reported his car stolen. Later, the trial court granted the prosecutor's motion to strike when Officer Mack testified that defendant reported his car stolen, and it sustained the prosecutor's hearsay objections when defense counsel attempted to elicit further testimony on this issue.

Even if we were to consider defendant's belated argument (*People v. Tully* (2012) 54 Cal.4th 952, 1075 ["It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party"]), we would reject it. The cases defendant cites in his reply brief involve a prosecutor's comments on evidence that was erroneously excluded. (*Varona, supra*, 143 Cal.App.3d at pp. 569–570 [prosecutor committed misconduct by arguing a " 'lack' " of evidence after evidence was erroneously excluded]; *Castain, supra*, 122 Cal.App.3d at pp. 144, 146 [prosecutor committed misconduct by arguing evidence showed only one incident of excessive police force after court erroneously excluded additional incident].) Here, defendant does not contest any of the trial court's evidentiary rulings. Thus, his citations to *Varona* and *Castain* are inapposite. (See *People v. Lawley* (2002) 27 Cal.4th 102, 156 [finding prosecutor's argument on lack of evidence was a fair comment on the evidence following evidentiary rulings upheld on appeal and distinguishing *Varona* as involving erroneous evidentiary ruling on which prosecutor improperly capitalized].)

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

A168269/*People v. Ruble*

18